UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-60096-CIV-SEITZ/O'SULLIVAN

ANGELO SKULAS,

        Plaintiff,

v.

KEITH LOISELLE, *et al.,*

        Defendants.

_____/

## ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment Against Defendant CDL Medical Tech, Inc. [DE-43] and Defendants' Motion for Summary Judgment [DE-47]. Plaintiff's one count Second Amended Complaint (Complaint) alleges a breach of a promissory note by Defendants, Keith Loiselle, CDL Medical Tech, Inc. (CDL Tech) and CDL Medical, LLC (CDL Medical). Plaintiff moves for entry of a judgment against Defendant CDL Tech on the promissory note. Defendants move for summary judgment on Defendant Keith Loiselle's liability on the promissory note and on Plaintiff's claim for attorneys' fees. For the reasons set forth below, Plaintiff is entitled to summary judgment against Defendant CDL Tech and Defendants are entitled to summary judgment on Plaintiff's claim against Defendant Loiselle and Plaintiff's claim for attorneys' fees.

## I. Statement of Undisputed Facts

Plaintiff once owned 30% of Defendant CDL Medical Tech and the now defunct CDL Medical, Inc.[1] (Skulas Depo. 14:23-15:1.) Defendant Loiselle also owned portions of these

_____

[1]CDL Medical, Inc. is a dissolved corporation. (Loiselle Depo. 20:11-22.) CDL Medical, LLC, one of the Defendants in this case, is an existing Pennsylvania limited liability company

companies. (Skulas Depo. 15:21-16:4.)  Plaintiff's interest in these two companies was

eventually bought out.  (Skulas Depo. 17:12-23.)  As part of that transaction, Plaintiff and

Defendant CDL Tech and the now defunct CDL Medical, Inc. entered into an attorney-drafted,

written promissory note on December 31, 2004.  (Complaint, ¶ 7.)  Pursuant to the terms of that

promissory note, Plaintiff was to be paid $1,750,000.  (Complaint, Ex. A.)  Plaintiff did not

receive full payment under the terms of the promissory note and, in 2007, brought suit in

Pennsylvania to enforce the promissory note.  While the suit in Pennsylvania was still pending,

on March 14, 2008, Plaintiff and Defendant Loiselle, a principal and owner of Defendants CDL

Tech and CDL Medical, met at a restaurant in Fort Lauderdale and executed a new promissory

note (Promissory Note) to settle the Pennsylvania law suit.  (Loiselle Depo. 29:4-30:16.)  The

Promissory Note, which Loiselle handwrote on the back of a check stub (Loiselle Dep. 32:14-25;

Skulas Depo. 50:2-14.), states, in its entirety:

> CDL agrees to pay Angelo Skulas as follows:
> 3/17/08 - $50,000.00
> 10/1/08 - $1,100,000.00
> The above amounts total $1,150,000.00, which will satisfy CDL's obligation to Mr.
> Skulas in full.
> The 10/1/08 payment will be made unless there are business or regulatory changes –
> including code edits – which causes CDL to become insolvent.
> Accepted By   s/ Keith Loiselle, CDL Medical        s/ Angelo Skulas
>                        Keth Loiselle                              Angelo Skulas

––––––––––––––––––––––

that owns a building leased by CDL Tech. (Loiselle Depo. 23:3-10.)

(Complaint, Ex. B.)  Defendant Loiselle drafted the Promissory Note.[2]  (Loiselle Depo. 32:14-25.)  On March 17, 2008, Loiselle made the first payment of $50,000, on behalf of CDL Tech, to Plaintiff.  (Loiselle Depo. 34:22-35:15.)  The "CDL" referred to in the Promissory Note referred to CDL Medical Tech, Inc.[3]  (Loiselle Depo. 34:16-19.)

Sometime in June or July of 2008, CDL Tech became aware of changes in reimbursement rates and in code edits[4] that would take effect in January 2009.  (Loiselle Depo. 46:9-24.)  However, the code edits did not go into effect in January 2009 because of negotiations between CDL Tech and  Medicare.  (Losielle Depo. 48:4-16.)  When asked whether there had been any "business changes," Loiselle responded that there had been a decrease in revenue due to reimbursement issues.  (Loiselle Depo. 45:5-12.)  Loiselle further testified that the proposed changes to the code edits were the only "business or regulatory changes" that have occurred since the Promissory Note was executed.  (Loiselle Depo. 91:6-14.)  In August 2008, CDL Tech learned that the American Medical Association was proposing changes that would become effective January 1, 2010.  (Loiselle Decl. ¶6.[5])  As of October 1, 2008, the due date of the Note,

---

[2]Plaintiff testified that, at the restaurant, Loiselle orally promised to personally pay the Promissory Note if CDL Tech were unable to do so.  (Skulas Depo. 39:11-17.)  However, the single count Complaint only alleges a breach of the Promissory Note; it does not allege a count for breach of an oral contract.

[3]It is not clear whether the "CDL" referred to in the Promissory Note refers to CDL Tech only or CDL Medical, as well.  However, because Plaintiff has only moved for summary judgment against CDL Tech and Defendants agree that CDL Tech executed the Note, the Court need not address whether CDL Medical was also a party to the Promissory Note.

[4]"Code edits" are changes to codes used by medical providers on claims and bills submitted to insurance companies, including Medicare.  (Loiselle Depo. 47:2-6.)

[5]The Declaration of Keith Loiselle is attached to Defendants' Counterstatement of Material Facts at DE-57-2.

no code edits had gone into effect, CDL Tech was making its payments to the bank, it had not filed for bankruptcy, and Loiselle and CDL Nuclear Technologies, a Loiselle controlled company which had loaned money to CDL Tech, were not collecting on loans CDL Tech owed to them. (Loiselle Depo. 54:12-22.)

Plaintiff received the payment due on March 17, 2008 but did not receive the October 1, 2008 payment, due under the Promissory Note. (Defendants' Counterstatement of Material Facts, DE-57, ¶ 3.) Plaintiff then filed suit in this Court against CDL Tech, CDL Medical, and Keith Loiselle to collect on the Note.

## II. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting* Fed. R. Civ. P. 56(e)). The Court must view the record and all factual inferences therefrom in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (*quoting Anderson*, 477 U.S. at 251-52)).

4

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

## III.  Plaintiff is Entitled to Summary Judgment on His Claim Against Defendant CDL Tech

It is undisputed that the Promissory Note provides that CDL Tech must pay the Plaintiff $1,150,000 in two payments and that CDL Tech has made only the first payment. In their attempt to defeat summary judgment for the Plaintiff, Defendants make two arguments. First, Defendants assert that the conditional clause[6] of the Promissory Note is ambiguous because the terms "insolvent," "business or regulatory changes," and "code edits" are ambiguous and thus summary judgment is not appropriate. Second, Defendants assert that CDL Tech did not breach the Promissory Note because it was excused from making the October 1, 2008 payment under the terms of the Promissory Note because business and regulatory changes have occurred that will put CDL Tech out of business.

A contract clause is ambiguous if it is susceptible to two alternative interpretations that are reasonably inferred from the terms of the contract. *Commercial Capital Resources, LLC v. Giovannetti*, 955 So. 2d 1151, 1153 (Fla. 3d DCA 2007); *see also Friedman v. Virginia Metal*

---

[6]The Court shall refer to the "<u>unless</u> there are business or regulatory changes – including code edits – which causes CDL to become insolvent" clause of the Promissory Note as the "conditional clause."

*Products Corp.*, 56 So. 2d 515, 517 (Fla. 1952) (stating the general rule that a "word or phrase in a contract is 'ambiguous' only when it is of uncertain meaning, and may be fairly understood in more ways than one"). Despite Defendants' claim of ambiguity, they have not shown that the language in the conditional clause of the contract is ambiguous. In his deposition, Loiselle testified that the "business or regulatory changes" that he meant, when he drafted the Promissory Note, were changes to codes or code edits that would prevent CDL Tech from making debt service payments to the bank. (Loiselle Depo. 41:5-11; *see also* DE-56 at 6-7.) Plaintiff also testified that the conditional clause of the Promissory Note meant that Plaintiff would be payed as long as "Medicare edits do not shut the company down by October [2008]." (Skulas Depo. 38:22-39:1.) Thus, both sides agree as to the meaning of the terms "business or regulatory changes" and "code edits." Consequently, neither Plaintiff nor Defendants have offered an alternative, reasonable interpretation of the terms in the conditional clause. Thus, Defendants have not shown that the terms are ambiguous.

Using Defendants' definition of the terms in the conditional clause, Defendants have presented no evidence that there were any type of "business or regulatory changes" that actually occurred prior to the October 1, 2008 deadline for CDL Tech's payment to Plaintiff, or, for that matter, that actually occurred prior to the filing of the summary judgment motions. Loiselle's testimony clearly indicates that no changes occurred between the execution of the Promissory Note and the October 1, 2008 payment date. Loiselle testified that any regulatory changes that he and CDL Tech believed would occur were to occur in January 2009, after the October payment date. Furthermore, Loiselle testified on August 31, 2009 that none of the anticipated January 2009 regulatory changes actually occurred and that there were no other types of changes that had

6

occurred. Loiselle's statement that the American Medical Association proposed code edits in August 2008 that would affect CDL Tech is not dispositive on this issue because there is no evidence establishing that, prior to the October 2008 payment date, the parties knew that the "propos[ed] changes" were anything more than that – proposals. Thus, Defendants have not presented any evidence that would support their contention that any business or regulatory changes occurred which would negate the required $1.1 million payment due on October 1, 2008, under the terms of the Promissory Note.

Defendants' argument that CDL Tech was "insolvent" in October 2008 and therefore not liable under the terms of the Promissory Note also fails because the Note only excuses payment if "business or regulatory changes . . . causes [sic] CDL to become insolvent." As set out above, Defendants have presented no evidence of any "business or regulatory changes" and thus there are no changes that could be the cause of insolvency, regardless of the meaning of that term.[7] Even if CDL Tech was insolvent on October 1, 2008 due to other reasons, it would not excuse CDL Tech's performance under the Note because the terms of the Note explicitly state that the insolvency must be caused by "business or regulatory changes." Consequently, there are no material issues of fact and Plaintiff is entitled to summary judgment against Defendant CDL Tech.

---

[7]Loiselle, as representative of CDL Tech, testified on August 31, 2009, that CDL Tech was still operating, had employees, and had a monthly income of approximately $600,000. (Loiselle Depo. 42:12-43:12.)

**IV.  Defendants Are Entitled to Summary Judgment On Plaintiff's Claim Against
Defendant Keith Loiselle**

In their cross-motion for summary judgment Defendants seek judgment for Loiselle and

against Plaintiff on the grounds that Loiselle is not liable on the Promissory Note.  Defendants

assert that the Note does not obligate Loiselle personally because he did not sign the Note in his

individual capacity and the language of the Note does not impose any personal liability on

Loiselle.  Plaintiff, on the other hand, asserts that Loiselle is personally liable on the Note

because he led Plaintiff to believe that he would personally guarantee the Note and because the

capacity in which Loiselle signed the Note, at a minimum, creates an issue of fact for a jury.

In support of his contention that the capacity in which Loiselle signed the Promissory

Note is an issue of fact, Plaintiff cites to cases involving negotiable instruments, in which the

courts applied the Uniform Commercial Code (UCC), and cites to Florida Statutes, section

673.4011, part of the UCC.  Unfortunately for Plaintiff, these cases and the statute are

inapplicable because the Promissory Note is not a negotiable instrument, as defined by Florida's

UCC.[8]  Further, Plaintiff's arguments regarding Loiselle's representations are not dispositive

because they were not pled in the Complaint, which alleges only a single count for breach of the

Promissory Note and thus does not contain any claims for breach of an oral contract.  Nothing in

the language of the Promissory Note indicates that Loiselle promised to pay the debt of CDL

---

[8]Florida Statutes, section 673.1041, requires that a negotiable instrument be "an
unconditional promise or order to pay a fixed amount of money . . ."  The Promissory Note is not
an unconditional promise to pay because the Promissory Note states: "The 10/1/08 payment will
be made unless there are business or regulatory changes – including code edits – which causes
CDL to become insolvent."   Thus, the Note is not a negotiable instrument and the UCC, and
cases interpreting the Code, would be inapplicable.

Tech; there is no personal guarantee language or other language that would indicate the intent of the parties to hold Loiselle personally liable on the Promissory Note.

When the UCC is inapplicable, the general rule in Florida is:

> A signature preceded by the word 'by' and accompanied by *descriptio personae*, that is, language identifying the person signing the document as a corporate officer or something similar, does not create personal liability for the person signing a contract to which he or she is not a specified party, unless the contract contains language indicating personal liability or the assumption of personal obligations.

*Fairway Mortgage Solutions v. Locust Gardens*, 988 So. 2d 678, 681 (Fla. 4th DCA 2008) (quotations and citation omitted).   The problem in this case is that Loiselle's signature and printed name are not accompanied by a *desriptio personae*.  However, the Promissory Note does not contain any language that would bind Loiselle or otherwise impose an obligation on Loiselle personally.  The Note states that "CDL agrees to pay" and it refers to "CDL's obligation" to Plaintiff; there are no references to Loiselle within the body of the Note.  Further, the term "by" is in front of Loiselle's name and his signature is followed by the name of the corporation. Under these circumstances, Loiselle is not personally liable on the Promissory Note.  *See Plotch v. Gregory*, 463 So. 2d 432, 435 (Fla. 4th DCA 1985) (holding that corporate officers were not personally liable on a promise to pay where the document did not contain personal guarantees and the officers signed their names under the name of the corporation, without any use of the term "by" or designation of their representative capacity); *Delta Air Lines, Inc. v. Wilson*, 210 So. 2d 761, 763 (Fla. 3d DCA 1968) (finding an individual not personally liable on a contract when the individual signed the contract below the corporate name, the individual's signature was preceded by the word "by," and the terms of the contract did not indicate that the individual was

a party to the contract).  Consequently, there are no material issues of fact and summary judgment in favor of Loiselle is granted.

## V.  Summary Judgment Should Be Granted On Plaintiff's Claim for Attorneys' Fees

Defendants move for summary judgment on Plaintiff's claim for attorneys' fees.  The Complaint seeks attorneys' fees as damages.  Plaintiff has not responded to this portion of Defendants' Motion for Summary Judgment.  Generally, under Florida law, "attorney's fees incurred while prosecuting or defending a claim are not recoverable in the absence of a statute or contractual agreement authorizing their recovery." *Bidon v. Dep't of Prof'l Regulation*, 596 So. 2d 450, 452 (Fla. 1992).  Plaintiff has not provided a statutory or contractual basis for his claim for attorneys' fees.  Consequently, Plaintiff is not entitled to attorneys' fees, even if he prevails on his claim.  Thus, summary judgment is appropriate on the claim for attorneys' fees.

Consequently, it is hereby

ORDERED that

1) Plaintiff's Motion for Summary Judgment Against Defendant CDL Medical Tech, Inc. [DE-43] is GRANTED.

2) Defendants' Motion for Summary Judgment [DE-47] is GRANTED.

3) The Court shall enter separate judgments.

4) Plaintiff shall notify the Court if it intends to try this matter against CDL Medical, LLC by **December 28, 2009.**

DONE and ORDERED in Miami, Florida, this __17__ day of December, 2009.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    All Counsel of Record