UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**ANGELO SKULAS,**

    **Plaintiff,**　　　　　　　　　　　　　　　**CASE NO. 09-60096-SEITZ-O'SULLIVAN**

vs.

**KEITH LOISELLE, CDL MEDICAL
TECH, INC. AND CDL MEDICAL
LLC F/K/A CDL MEDICAL, INC.,**

    **Defendants.**
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S RESPONSE
TO PLAINTIFF'S MOTION FOR WRIT OF GARNISHMENT**

Plaintiff, ANGELO SKULAS, hereby files his Response to Defendant's Response to Plaintiff's Motion for Writ of Garnishment and states as follows:

1. On December 17, 2009, the Court entered a Final Judgment for Plaintiff against CDL Medical Tech, Inc. in the amount of $1,100,000.00, plus post-judgment interest at the statutory rate. (See Docket Numbers 66 and 68)

2. On February 10, 2010, Plaintiff filed a Motion for Writ of Garnishment seeking a garnishment directed to PNC Bank, N.A. (See Docket Number 78)

3. Defendant now takes the position that since PNC Bank was served with the Writ of Garnishment in Florida, it is not valid.

4. Interestingly, the Defendant did not take the position that CDL Medical Tech, Inc. does not do business with the same corporate entity that was served with the Writ of Garnishment, nor does it deny that it has funds in PNC National Bank.

5. Florida Statute 77.06(1) provides:

> (1) Service of the writ shall make garnishee liable for all debts due by him or her to defendant and for any tangible or intangible personal property of defendant in the garnishee's possession or control at the time of the service of the writ or at any time between the service and the time of the garnishee's answer. <u>Service of the writ creates a lien in or upon any such debts or property at the time of service or at the time such debts or property come into the garnishee's possession or control</u>. [Emphasis added]

As set forth by the Supreme Court of Florida in <u>Phillips v. General Finance Corporation of Florida, et al</u>, 297 So.2d 6 (Fla. 1974), every person who has recovered a judgment in any court against any

1

person, natural or corporate, has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person, and any tangible or intangible personal property of defendant in the possession or control of a third person.  Defendant is urging this Court, without any evidence that first of all, all monies deposited into the Defendant, CDL MEDICAL TECH, INC.'s account, occurs in Pennsylvania and that those funds are never transferred to other national banking facilities of PNC Bank, whether they are in New York or Florida.  Such a limited approach is simply not what occurs in the financial world.

6. Defendant does not argue, nor could they, that Defendant could not come to the PNC Bank located in Florida and draw money or other banking business as a customer of PNC Bank.  In fact, PNC Bank as a national bank has taken the position with its customers that one of its advantages is that it has branches throughout the country.  See attached hereto Composite Exhibit A, a printout showing PNC Bank in Florida, as well as PNC Bank's acknowledgment that it is a national and international banking institution.

7. For reasons best perhaps known to the Defendant, a customer of PNC Bank, PNC Bank has not even filed a response as required by law at this point to the Writ of Garnishment, which is clearly contrary to the statute requiring that they respond within 20 days.  See Florida Statutes, Chapter 77.

8. It is interesting that Defendant makes a bold assertion that Florida State Courts reject efforts to enforce enforcements of writs served on branch banks and cites the case of *Ellis v. Barclays Bank PLC-Miami Agency*, 594 So.2d 826 (Fla. 3rd DCA 1992).  In the *Barclays* case, the issue was international banking and not national banking.  The *Barclays* case clearly states:

> Barclays Bank in Miami filed a motion for summary judgment arguing it should be discharged from further liability after having accounted for all accounts held by Mr. Eilis in Florida and elsewhere in the United States.
> [Emphasis added]

9. Similarly, the Plaintiff relies upon *APR Energy, LLC v. Pakistan Power Resources, LLC*, 2009 U.S. Dist. LEXIS 17194 (M.D. Fla. February 20, 2009).  However, the factual situation in *APR Energy* does not match the one before this Court.  In *APR Energy*, the Court took the position that it did not have personal jurisdiction over the garnishee, however, as set forth in *McKay v. Connecticut National Bank*, 463 So.2d 1202 (Fla., 3 DCA 1985)  where a complaint demonstrates sufficient activities by an out-of-state bank to provide a basis for exercise of in personam jurisdiction.  It is respectfully submitted that PNC Bank, N.A. to do business in the State of Florida is clearly providing the Federal District Courts in the State of Florida in personam jurisdiction.

10. Similarly, Plaintiff relies upon *Shinto Shipping Co. Ltd. v. Fibrex & Shipping Co., Inc.*, 425 Fed. Supp. 1088, (N.D. Calif. 1976) this decision appears to be based upon the facts cited in the case that the Defendant did not transact business in California. There could be no argument if one simply goes back to look at the Complaint or the Amended Complaint that CDL Medical Tech, Inc. was doing business in the State of Florida and, in fact, the promissory note for which Plaintiff ultimately received this judgment was authored in Fort Lauderdale, Florida, as more fully set forth in the Complaint and Amended Complaint in this matter.

11. As set forth in *Arnold, Matheny and Eagan, P.A. v. First American Holdings, Inc., etc., et al*, 982 So.2d 628 (Fla. 2008), garnishment is authorized as a method of collecting a monetary judgment against a defendant. As such, the Plaintiff is entitled to seek to collect any funds held by any entity in the State of Florida belonging to PNC Bank. Defendant does not take the position, nor could they, that it could not simply walk into the PNC Bank in Broward County, Florida or elsewhere in Florida, and have access to funds.

## CONCLUSION

In conclusion, Defendant, CDL MEDICAL TECH, INC., chose to enter into a promissory note for which it was ultimately held liable in Broward County, Florida. CDL MEDICAL TECH, INC. chose to bank with a national bank, PNC Bank, N.A. PNC Bank, N.A. has branches in Florida that CDL MEDICAL TECH, INC. could readily access.

The Defendant's Response should be denied and PNC Bank, N.A. should be directed to respond to the Garnishment.

Dated: April 2, 2010                                    Respectfully Submitted,


                                                        /s/ M. Daniel Hughes, Esq.
                                                        M. Daniel Hughes, Esq.
                                                        Attorney for Plaintiff
                                                        3000 North Federal Highway
                                                        Building Two South, Suite 200
                                                        Fort Lauderdale, FL 33306
                                                        (954) 566-3390
                                                        (954) 561-1244 (facsimile)
                                                        Florida Bar No. 296147
                                                        lawmdh@aol.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of April, 2010, I electronically filed Plaintiff's Response to Defendant's Response to Plaintiff's Motion for Writ of Garnishment with the Clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Sara F. Holladay-Tobias, Esq.
Attorney for Defendant
McGuire Woods LLP
50 North Laura Street, Suite 3300
Jacksonville, FL 32202
sfhollad@mcguirewoods.com

*/s/ M. Daniel Hughes, Esq.*
M. Daniel Hughes, Esq.