UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60096-CIV-SEITZ/O'SULLIVAN

ANGELO SKULAS,

    Plaintiff,
v.

KEITH LOISELLE, et al.,

    Defendants,
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned on the Motion for Writ of Garnishment (DE # 78, 2/10/10) filed by the plaintiff. This matter was referred to the undersigned by the Honorable Patricia A. Seitz for a report and recommendation in accordance with 28 U.S.C. § 636(b). See Order of Reference (DE# 82, 3/8/10). Having carefully considered the filings and applicable law, the undersigned respectfully recommends that the Motion for Writ of Garnishment (DE # 78, 2/10/10) be **DENIED as moot** and that the Writ of Garnishment (DE# 79, 2/10/10) issued by the Clerk be **DISSOLVED** for the reasons stated below.

## BACKGROUND

The plaintiff commenced the instant action against the defendants in state court alleging breach of a promissory note and fraud. See Notice of Removal (DE# 1 at 1, 1/20/09). The defendants removed the instant action to federal court on diversity jurisdiction. Id. On December 17, 2009, the Court issued an Order which, inter alia, granted the plaintiff's motion for summary judgment against defendant CDL Medical Tech, Inc. (hereinafter "CDL"). See Order Granting Motions for Summary Judgment

(DE# 66, 12/17/09). On the same day, the Court entered a final judgment in favor of the plaintiff and against CDL in the amount of $1,100,000.00 plus post-judgment interest at the statutory rate. See Final Judgment as to Plaintiff's Claim Against CDL Medical Tech, Inc. (DE# 68, 12/17/09). On April 8, 2010, the Court entered an Amended Final Judgment as to Plaintiff's Claim Against CDL Medical Tech, Inc. (DE# 93, 4/8/10) awarding the plaintiff pre-judgment interest in the amount of $114,803.26.

In an attempt to collect on this judgment, the plaintiff filed the instant motion on February 10, 2010 seeking a writ of garnishment directed to the Fort Lauderdale branch of PNC Bank, N.A. (hereinafter "PNC"). On the same day, the Clerk of the Court issued the writ. See Writ of Garnishment (DE# 79, 2/10/10). Defendant CDL filed a response to the instant motion on March 8, 2010. See Defendant's Response to Plaintiff's Motion for Writ of Garnishment (DE# 83, 3/8/10). The plaintiff filed a reply on April 2, 2010. See Plaintiff's Response to Defendant's Response to Plaintiff's Motion for Writ of Garnishment (DE# 88, 4/2/10). The defendant was given Court leave to file a surreply on April 6, 2010. See Defendant's Response to Plaintiff's Reply to Defendant's Response to Motion for Writ of Garnishment (DE# 89-1, 4/6/10). This matter is ripe for adjudication.

## ANALYSIS

Florida's procedure in aid of execution governs the instant action. See Fed. R. Civ. P. 69. Florida law requires garnishment statutes to be strictly construed. Gigliotti Contracting North, Inc. v. Traffic Control Products of North Florida, Inc., 788 So. 2d 1013, 1016 (Fla. 2d DCA 2001). Chapter 77 of the Florida Statutes prescribes the procedure for the issuance and enforcement of writs of garnishment. Section 77.01

states, in part, that:

> Every person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person . . . and any tangible or intangible personal property of defendant in the possession or control of a third person.

Fla. Stat. § 77.01. To obtain a writ of garnishment after judgment, the plaintiff is required to file a motion stating the amount of the judgment. Fla. Stat. § 77.03. In the instant case, the plaintiff filed the instant motion setting forth the amount of the judgment. See Motion for Writ of Garnishment (DE# 78, 2/10/10). Having met the statutory requirements under Florida law, the plaintiff obtained a writ of garnishment from the Clerk of the Court on the same day. See Writ of Garnishment (DE# 79, 2/10/10).

Defendant CDL now seeks to have the Writ of Garnishment (DE# 79) dissolved.[1] See Defendant's Response to Plaintiff's Motion for Writ of Garnishment (DE# 83 at 6, 3/8/10). CDL submits that the Court should dissolve the writ because the plaintiff improperly "seeks to use a Florida writ to garnish CDL's assets in Pennsylvania." Id. at 2. CDL states that "while CDL maintains an account with PNC Bank, N.A., it does so through a branch of PNC Bank located in Pennsylvania." Id.

Section 77.04 of the garnishment statute contains no express territorial limitation on the location of the property within the garnishee's possession or control. Nonetheless, CDL argues the plaintiff should not be permitted to garnish CDL's bank

---

[1] CDL also seeks an order from this Court denying the instant Motion for Writ of Garnishment. See Defendant's Response to Plaintiff's Motion for Writ of Garnishment (DE# 83 at 6, 3/8/10). This relief is moot since the Clerk of the Court has already issued the writ.

account maintained at a branch outside of Florida. See Defendant's Response to Plaintiff's Motion for Writ of Garnishment (DE# 83 at 2, 3/8/10). In support of its argument, CDL cites to Ellis v. Barclays Bank PLC-Miami Agency, 594 So. 2d 826 (Fla. 3d DCA 1992) and APR Energy, LLC v. Pakistan Power Resources, LLC, No. 3:08-cv-961-J-25MCR, 2009 U.S. Dist. LEXIS 17194 (M.D. Fla. Feb. 20, 2009). Id.

The issue in Ellis v. Barclays Bank PLC-Miami Agency, 594 So. 2d 826 (Fla. 3d DCA 1992) was different from the instant case. In that case, the appellate court affirmed the trial court's order discharging the garnishee bank from further liability under the writ of garnishment. Notably, the garnishee bank in Ellis answered the writ of garnishment by reporting all bank accounts in the United States but was silent as to foreign accounts. The bank "argued that the process of a United States court served on a United States branch of an international bank cannot reach deposits possibly held in foreign branches." Id. at 827. The trial court implicitly agreed by discharging the garnishee from further liability. The issue here is whether, under Florida's garnishment statute, a judgment creditor can garnish a bank account maintained outside of Florida.

APR Energy, LLC v. Pakistan Power Resources, LLC, No. 3:08-cv-961-J-25MCR, 2009 U.S. Dist. LEXIS 17194 (M.D. Fla. Feb. 20, 2009) is more on point. APR Energy involved a motion to dissolve a prejudgment writ of garnishment. Id. at * 1. In that case, the court dissolved a writ of garnishment that sought to garnish a bank account located in Oklahoma. Id. at *2. The court reasoned that it had to dissolve the writ of garnishment because it did not have jurisdiction over the bank account. "[N]ot only must the Court have personal jurisdiction over [the] Garnishee, but it must also

4

have jurisdiction over the property to be garnished, in this case, the bank account." Id. at * 5.

The undersigned is persuaded by the reasoning in APR Energy and finds that because the bank account at issue is located in Pennsylvania, the Court does not have jurisdiction over it and the instant Writ of Garnishment (DE# 79) should be dissolved. The plaintiff attempts to distinguish APR Energy from the instant case by arguing that "[i]n APR Energy, the [c]ourt took the position that it did not have personal jurisdiction over the garnishee." See Plaintiff's Response to Defendant's Response to Plaintiff's Motion for Writ of Garnishment (DE# 88 at 2, 4/2/10). The court in APR Energy took no such position. Rather, it stated that "[b]ecause the [c]ourt d[id] not have jurisdiction over the bank account, it [wa]s not necessary for the [c]ourt to conduct an evidentiary hearing to determine whether it ha[d] jurisdiction over [the] Garnishee." APR Energy, 2009 U.S. Dist. LEXIS 17194 at * 5.

The plaintiff also states that "PNC Bank has not even filed a response as required by law at this point to the Writ of Garnishment, which is clearly contrary to the statute requiring that they respond within 20 days." See Plaintiff's Response to Defendant's Response to Plaintiff's Motion for Writ of Garnishment (DE# 88 at 2, 4/2/10). The undersigned notes that the plaintiff has not filed a return of service or provided the Court with any evidence that PNC has been served with the writ. PNC is only required to answer the writ "20 days after service." See Fla. Stat. § 77.04 (emphasis added). If the plaintiff has not served PNC, then PNC is under no obligation to respond to the writ. In any event, because the undersigned finds that the writ should be dissolved, there is no need for PNC to file an answer. The plaintiff, however, is not

5

left without recourse. He may seek relief from a Pennsylvania court in satisfying his outstanding judgment.[2]

### RECOMMENDATION

In accordance with the foregoing reasons, it is respectfully **RECOMMENDED** that the Motion for Writ of Garnishment (DE # 78, 2/10/10) be **DENIED as moot** and that the Writ of Garnishment (DE# 79, 2/10/10) issued by the Clerk be **DISSOLVED**.

The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Patricia A. Seitz, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S. Ct. 397 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at Miami, Florida this **9th** day of April, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record

Copies mailed by Chambers to:
PNC Bank, N.A., garnishee
200 East Broward Boulevard
Fort Lauderdale, Florida 33301

---

[2] In fact, it appears that the plaintiff has sought relief from a court in Pennsylvania. See Defendant's Emergency Motion for Clarification Regarding Order Dated January 20, 2010 (DE# 91 at 3, 4/8/10) (stating that "[o]n March 25, 2010, [the plaintiff] filed the Clerk's Certification [of the judgment] with the United States District Court for the Western District of Pennsylvania" and has requested that the Pennsylvania court issue writs of execution to two Pittsburgh banks).